

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-22-00420-CR, 04-22-0421-CR

Aaron **POUCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B19843-1, B19622-1
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: April 10, 2024

ABATED AND REMANDED; MOTIONS TO WITHDRAW GRANTED

In these appeals, court-appointed counsel filed *Anders* briefs and motions to withdraw. Because there is an arguable ground of appeal in each case, we grant counsel's motions to withdraw, and we abate these appeals.

We withdraw our September 6, 2023 submission dates; the appeals will be reset for submission at a later date.

We remand the causes for the trial court to appoint new appellate counsel.

**BACKGROUND**

### A.    Indictments, Pleas, Deferrals

In 2019, Appellant Aaron Stacy Pouch was indicted for possession of methamphetamine (1-4 grams) with intent to deliver, and possession of methamphetamine (4-200 grams) with intent to deliver.  Each indictment alleged two prior convictions enhancements.  In 2021, he pled guilty to the indictments and true to the enhancements.  The trial court deferred adjudication and sentenced him to ten years of community supervision.

### B.    Judgments Adjudicating Guilt

Later, the State alleged that Pouch had violated multiple conditions of his community supervision, and it moved to adjudicate the charges.  Pouch pled true to the State's allegations. The trial court adjudicated Pouch's guilt on both felony charges.  For each, it assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a period of fifty years, with the sentences to run concurrently.

### C.    Costs, Fees Imposed

The trial court's judgment in B19843 orders Pouch to pay court costs ($60) and reimbursement fees ($4,105 + $200).  The trial court's judgment in B19622 orders Pouch to pay court costs ($60) and reimbursement fees ($4,785 + $400).  Each judgment recites that the trial court inquired into Pouch's ability to pay the fine and costs, and each found that Pouch "cannot immediately pay all or part of the . . . costs."  When he is released, Pouch must report to the District Clerk's office "to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

### D.    Appeals

Pouch appealed his convictions.  Court-appointed counsel Kurtis S. Rudkin filed *Anders* briefs in both cases. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d

313, 319–20 (Tex. Crim. App. 2014). In each brief, counsel asserts that he reviewed the entire record and concluded there were "no meritorious issues [that] warrant[] reversal of the complained of judgment and sentence." *See Kelly*, 436 S.W.3d at 319; *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Counsel also filed motions to withdraw.

Pouch filed a pro se brief, the State filed a response, and Pouch filed a reply.

**INDEPENDENT REVIEW**

"Under *Anders*, after receiving a brief claiming that there are no arguable grounds for appeal, the reviewing court must review the record to make an independent determination." *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (emphasis removed); *accord Anders*, 386 U.S. at 744.

Having conducted an independent review of the record, we conclude there is an arguable ground of appeal in each case. *See Stafford*, 813 S.W.2d at 511; *Nichols*, 954 S.W.2d at 85.

**A.      Article 42.15 Requirement for Inquiry on the Record**

The records do not show that the trial court complied with the statutory requirement to conduct an inquiry *on the record* regarding the defendant's ability to pay court costs.

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021); *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (recognizing the trial court's duty "to act sua sponte and hold an ability-to-pay inquiry when a fine or costs are imposed on a defendant in the judgment" ).

**B.      Optional Statutory Waiver**

"A defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-2).  The records are silent on whether Pouch waived the requirement for the inquiry to be on the record.  *See id.*

**C.      Error Preservation**

The records do not show that Pouch asserted that he was unable to pay the court costs or fees.  *Cf. Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (recognizing that "a claim challenging the bases for the imposition of court costs [may be raised] for the first time on appeal").  *Compare Cruz*, 2023 WL 3236888, at *4 (concluding "that a defendant's right to an ability-to-pay inquiry is 'fundamental to the proper functioning of our adjudicatory system' [and holding that an] appellant was not required to preserve this complaint for appeal through objection" (quoting *Proenza v. State*, 541 S.W.3d 786, 799 (Tex. Crim. App. 2017))), *with Rodgers v. State*, No. 06-23-00101-CR, 2023 WL 6379018, at *2 (Tex. App.—Texarkana Oct. 2, 2023, no pet.) (concluding that a failure to timely "object to the trial court's imposition of fines and court costs 'at the earliest possible opportunity' [did not] preserve [appellant's] complaint for [appellate] review" (quoting *Davison v. State*, 602 S.W.3d 625, 648 (Tex. App.—Texarkana 2020, pet. ref'd))).

**D.      Article 43.035(a)'s Applicability**

The records are also silent on whether the trial court conducted inquiries on the record *after* it rendered its June 24, 2022 judgments.  *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a) (requiring the trial court, on the defendant's request, to "hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant"); *id.* art. 43.035(e) (vesting the trial court with continuing "jurisdiction for the purpose of making a determination under this article"); *Sloan v. State*, 676 S.W.3d 240, 242 n.2 (Tex. App.—Tyler 2023, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 43.035(a), (e)) (noting a defendant's right to request a hearing and

the trial court's jurisdiction to hold it); *see also Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *25 n.33 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. filed) (mem. op.) ("Because we are remanding the case to the trial court to reassess the amount of court costs, the trial court will have an opportunity to inquire on the record into [the defendant's] ability to pay costs and make any modifications to the judgment it deems necessary.").

### E.       Arguable Ground of Appeal

We have not previously decided the question which the records currently before us present: Is it reversible error if the record does not show that the trial court conducted an inquiry on the record regarding the defendant's ability to pay court costs?  *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1); TEX. R. APP. P. 44.2; *Cruz*, 2023 WL 3236888, at *4.

We have not found any mandatory authority on this question from the Court of Criminal Appeals, and there is not yet a clear, well-established consensus among our sister courts.  *E.g.*, *Sanders v. State*, No. 05-22-01376-CR, 2024 WL 725529, at *9 (Tex. App.—Dallas Feb. 22, 2024, no pet. h.) (mem. op.); *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *4 (Tex. App.—Fort Worth Feb. 8, 2024, no pet. h.) (mem. op.); *Cruz*, 2023 WL 3236888, at *5 (criticizing the analysis in *Hernandez-Faced v. State*, 661 S.W.3d 630, 638 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd)); *Rodgers*, 2023 WL 6379018, at *2.

Accordingly, at this time in our judicial district, this is an arguable ground of appeal.  *See* *Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *2 (Tex. App.—San Antonio Jan. 17, 2024, no pet. h.) (per curiam).

### F.       Scope of Opinion

This opinion identifies an arguable ground of appeal.  *See Nichols*, 954 S.W.2d at 86.  In it, we have cited statutes, rules, and opinions which *may* be applicable to the question before us.

The cited authorities are not an exhaustive list: other statutes, rules, or opinions may apply. Further, by citing opinions, we are neither adopting nor rejecting their reasoning.

On remand, the new appellate counsel must brief the issue we have identified. *See id.* Our identification of an *arguable* ground of appeal is not a predetermination that these records present reversible error; it is an opportunity for Appellant to brief the identified issue "as well as any additional grounds that the attorney discovers," and for the State to respond. *See id.*

### *ANDERS* PROCEDURE

In his *Anders* briefs, court-appointed counsel advised this court that he had reviewed the records but concluded that there were no arguable points of error. Because our independent review has determined there is an arguable ground of appeal in each case, we grant Kurtis S. Rudkin's motions to withdraw. *See Nichols*, 954 S.W.2d at 86. We withdraw our September 6, 2023 submission dates. After the briefs are filed, we will reset these cases for submission.

We abate these appeals and remand the causes to the trial court. We order the trial court to appoint a different attorney to represent Appellant on appeal and notify this court of the appointment within fifteen days of our order. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 511.

If Appellant wishes to prosecute this appeal, new appellate counsel must file a brief that addresses the issue we have identified and any other arguable grounds for appeal. *See Bledsoe*, 178 S.W.3d at 827; *Stafford*, 813 S.W.2d at 511.


PER CURIAM

Do not publish